AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>OLIVER SMITH, JR | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    DPAE2:14CR00420-01<br>USM Number:    71679-066<br><br>David M. Walker, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    One - Ten

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343,1349 | Wire Fraud | 2/21/2011 | 1-10 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 20, 2015
Date of Imposition of Judgment

*[signature]*
Signature of Judge

L. Felipe Restrepo, U.S. District Judge
Name and Title of Judge

8/21/15
Date

Sheet 4—Probation / Judgment in a Criminal Case

Judgment—Page    2    of    5

DEFENDANT: OLIVER SMITH , JR
CASE NUMBER: DPAE2:14CR00420-01

# PROBATION

The defendant is hereby sentenced to probation for a term of :
     5 YEARS

  The defendant shall not commit another federal, state or local crime.

  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 4A — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT: OLIVER SMITH, JR
CASE NUMBER: DPAE2:14CR00420-01

# ADDITIONAL PROBATION TERMS

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office.  The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation.  The defendant shall not encumber or liquidate interest in any asset unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The defendant shall make restitution in the total amount of  $31,511.47.  Restitution in the amount of $23,294.47 is due to Venmo.  Restitution in the amount of $8,217 is due to Xipwire.  Payments shall be made payable to Clerk, U.S. District Court, for the distribution to Venmo, LLC, Attention - Compliance c/o: Leanna Yee, 123 Townsend Street, 6th Floor, San Francisco, California.  Payments should be made payable to Clerk, U.S. District Court, for the distribution to Xipwire, Attention – Sharif Alexander, 3301 Arapahoe Avenue, Unit 208, Boulder, Colorado 80303.  Payments shall be made monthly no less than $50.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

|  |  |  | Judgment — Page | 4 | of | 5 |
|--|--|--|--|--|--|--|

DEFENDANT:          OLIVER SMITH, JR
CASE NUMBER:        DPAE2:14CR00420-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|--|--|--|--|
| **TOTALS** | $  1000.00 | $  N/A | $  31,511.47 |

The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|--|--|--|--|
| Venmo, LLC<br>Compliance c/o Leanna Yee<br>123 Townsend Street, 6th Floor<br>San Francisco, California 94107 | $23,294.47 | $23,294.47 | 100% |
| Xipwire<br>Attn: Sharif Alexander<br>3301 Arapahoe Avenue, Unit 208<br>Boulder, Colorado 80303 | $8,217 | $8,217 | 100% |
| **TOTALS** | $          $31,511.47 | $          $31,511.47 | |

X    Restitution amount ordered pursuant to plea agreement  $   31,511.47

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the    X   fine   X   restitution.

Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___5___

DEFENDANT:         OLIVER SMITH, JR
CASE NUMBER:     DPAE2:14CR00420-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X   Lump sum payment of $ ___1000.00___   due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance        ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B**  ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X   Special instructions regarding the payment of criminal monetary penalties:

The defendant shall make restitution in the total amount of $31,511.47.  Restitution in the amount of $23,294.47 is due to Venmo.
Restitution in the amount of $8,217 is due to Xipwire.  Payments shall be made payable to Clerk, U.S. District Court, for the
distribution to Venmo, LLC, Attention - Compliance c/o: Leanna Yee, 123 Townsend Street, 6th Floor, San Francisco, California.
Payments should be made payable to Clerk, U.S. District Court, for the distribution to Xipwire, Attention – Sharif Alexander, 3301
Arapahoe Avenue, Unit 208, Boulder, Colorado 80303.  Payments shall be made monthly no less than $50.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.